## *IN THE SUPREME COURT, STATE OF WYOMING*

**2022 WY 137**

*October Term, A.D. 2022*

**November 2, 2022**

|  |  |
|---|---|
| **BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR,**<br><br>Petitioner,<br><br>v.<br><br>**KATHERINE C. OSTEN, WSB # 7-5369,**<br><br>Respondent. | **D-22-0006** |

## ORDER OF SIX-MONTH SUSPENSION

[¶1]     **This matter** came before the Court upon the Board of Professional Responsibility's Report and Recommendation for Six-Month Suspension, filed herein October 24, 2022. The Report and Recommendation was filed pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure, which governs stipulated discipline.  Now, after a careful review of the Report and Recommendation and the file, the Court finds the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Katherine C. Osten should be suspended from the practice of law for six months.  It is, therefore,

[¶2]     **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Six-Month Suspension, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]     **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Six-Month Suspension, Respondent Katherine C. Osten shall be, and hereby is, suspended from the practice of law for six months, with the suspension beginning December 8, 2022; and it is further

[¶4]     **ORDERED** that, during the period of suspension, Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly the requirements found in Rule 21 of those rules.  That rule governs the duties of disbarred and suspended attorneys; and it is further

[¶5]     **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Respondent shall reimburse the Wyoming State Bar the amount of $50.00, which represents the costs incurred in handling this matter, as well as pay an administrative fee of $750.00.  Respondent shall pay the total amount of $800.00 to the Wyoming State Bar on or before January 2, 2023.  If Respondent fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶6]     **ORDERED** that the Wyoming State Bar may issue the agreed press release contained in the Report and Recommendation for Six-Month Suspension; and it is further

[¶7]     **ORDERED** that the Clerk of this Court shall docket this Order of Six-Month Suspension, along with the incorporated Report and Recommendation for Six-Month Suspension as a matter coming regularly before this Court as a public record; and it is further

[¶8]     **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Six-Month Suspension, along with the incorporated Report and Recommendation for Six-Month Suspension shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶9]     **ORDERED** that the Clerk of this Court cause a copy of this Order of Six-Month Suspension to be served upon Respondent Katherine C. Osten.

[¶10]    **DATED** this 2nd day of November, 2022.

                              **BY THE COURT:**

                              /s/

                              **KATE M. FOX**
                              **Chief Justice**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

OCT 24 2022

SHAWNA GOETZ, CLERK

by CHIEF DEPUTY

BEFORE THE SUPREME COURT

STATE OF WYOMING

*In the matter of*                                    )
*KATHERINE C. OSTEN,*                          )
*WSB #7-5369,*                                        )          *WSB No. 2022-076*
                                                              )
*Respondent.*                                         )          **D-22-0006**

## REPORT AND RECOMMENDATION FOR SIX-MONTH SUSPENSION

THIS MATTER came before a Review Panel of the Board of Professional Responsibility via video conference call on the 29th day of September, 2022, for consideration of the parties' Stipulation for Six-Month Suspension pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure. Present on the call were Review Panel members Debra A. Wendtland, Christopher Hawks and Tandy Dockery. Mark W. Gifford, Bar Counsel, appeared on behalf of the Wyoming State Bar. Respondent Katherine C. Osten appeared on her own behalf. The Review Panel, having reviewed the Stipulation, the supporting Affidavit and being fully advised in the premises, finds, concludes and recommends:

1.      Respondent has been licensed to practice law in Wyoming since 2014. In 2017, Respondent accepted a staff attorney position with Wyoming Children's Law Center, Inc. ("WCLC"), a Wyoming public benefit, nonprofit corporation. WCLC's mission is to protect children and vulnerable adults through direct legal services, holistic conflict resolution, and policy advocacy. WCLC is a grantee of both Equal Justice Wyoming and the Equal Justice Wyoming Foundation.

2.      Respondent was the subject of a June 27, 2022, report submitted to the Office of Bar Counsel by Respondent's supervising attorney, WCLC Executive Director, Donna Sheen. In a report submitted pursuant to Ms. Sheen's mandatory reporting obligation as set forth in Rule

8.3(a),[1] W.R.Prof.Cond., Ms. Sheen related that Respondent had failed in her duties of diligence and communication with respect to one of WCLC's clients ("Client") in a divorce matter and that Respondent had been dishonest with Client and with Ms. Sheen regarding the status of the case, the discovery of which resulted in Respondent being placed on administrative leave by WCLC.

3.     The divorce action was initiated with the December 29, 2018, filing in the District Court for the First Judicial District, Laramie County, Wyoming, of a verified petition for divorce prepared by Respondent. Progress on the case was initially delayed owing to efforts to locate and obtain service of process upon Client's husband. Client's husband was never located and service of process by publication was eventually obtained in early March 2020. In April 2020, a default was entered against Client's husband.

4.     In December 2020, Respondent submitted a proposed decree to Judge Catherine Rogers. Judge Rogers rejected the decree. On December 21, 2020, Respondent received the rejected decree along with a list of changes that would need to be made before the judge would sign the decree.

5.     In February 2021, Respondent made entries in the case file notes indicating that she spent ten hours working on corrections to the proposed order. These entries were false.

6.     On May 21, 2021, Judge Rogers issued an Order Requiring Action notifying Respondent that the case would be dismissed if no action was taken within 30 days. On June 18, 2021, Respondent filed a request for hearing upon the complaint. On June 25, 2021, Judge Rog-

---

[1] Rule 8.3(a) provides, "A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority."

2

ers issued an order dismissing the case without prejudice. Respondent failed to inform her client that the case had been dismissed.

7. On December 22, 2021, Respondent sent an email to Client's Medicaid Waiver Case Manager in which Respondent stated, "I don't have [Client's] divorce order, but I am working with the court to find out what's going on. I will let you know when I have more information." This statement by Respondent was misleading and failed to inform the Client of the true status of the case.

8. On April 27, 2022, in response to Client's question about the status of the case, Respondent wrote, "I will call the court and then let you know."

9. Upon learning of the case's dismissal, Ms. Sheen placed Respondent on administrative leave and reported Respondent's conduct to the Office of Bar Counsel. Respondent's employment with WCLC was terminated a few days later.

10. In response to Ms. Sheen's report, Respondent concurred with the report's allegations and conceded the report's accuracy. Respondent admitted that despite the fact that she knew the case had been dismissed, she did not so advise Client, nor did she notify Ms. Sheen of the dismissal.

11. Pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure, Respondent conditionally admits to violations of Rule 1.3 (diligence), Rule 1.4 (communication with client), and Rule 8.4(c) (misleading statements) as set forth above. The Review Panel finds that there is clear and convincing evidence of Ms. Osten's violation of these rules as detailed above.

12. Rule 15(b)(3)(D), W.R.D.P., provides, "In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:"

3

a. Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;

b. Whether the lawyer acted intentionally, knowingly, or negligently;

c. The amount of the actual or potential injury caused by the lawyer's misconduct; and

d. The existence of any aggravating or mitigating factors.

13.    First Factor: The Duty Violated. Respondent's violations of Rules 1.3 and 1.4 require the application of Standard 4.4, "Lack of Diligence," of the ABA Standards for Imposing Lawyer Sanctions. Standard 4.4 sets forth the following guidelines:

4.41    Disbarment is generally appropriate when:
(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
(b) a lawyer knowingly fails to perform services for a client and cause serious or potentially serious injury to a client; or
(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

4.42    Suspension is generally appropriate when:
(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
(b) a lawyer engages in a pattern of neglect with respect to client matters and causes injury or potential injury to a client.

4.43    Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

4.44    Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

Respondent conditionally admits that there is clear and convincing evidence that Respondent knowingly failed to perform services for Client and caused potential injury to Client. Respondent further conditionally admits that under Standard 4.4, a suspension is the presumptive sanction. The Review Panel finds that there is clear and convincing evidence to support the parties' stipulation in this regard.

4

14.     Respondent's violation of Rule 8.4(c) implicates Standard 5.1, "Failure to Maintain Personal Integrity":

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or in cases with conduct involving dishonesty, fraud, deceit or misrepresentation:

5.11    Disbarment is generally appropriate when:
    (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of any other commit any of these offenses; or
    (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

5.12    Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously reflects on the lawyer's fitness to practice.

5.13    Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.

5.14    Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer engages in any other conduct that reflects adversely on the lawyer's fitness to practice law.

Respondent conditionally admits that she intentionally engaged in conduct involving dishonesty, deceit and misrepresentation as set forth above and that such conduct seriously adversely reflects on Respondent's fitness to practice law. Respondent conditionally admits that the presumptive sanction for Respondent's violation of Rule 8.4(c) is a public censure. The Review Panel finds that there is clear and convincing evidence to support the parties' stipulation in this regard.

5

15. Second Factor: The Lawyer's Mental State. The Preface to the ABA Standards includes the following discussion regarding mental state:

> The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

Respondent conditionally admits that in the misconduct set forth above, Respondent acted with knowledge if not intentionally. The Review Panel finds that there is clear and convincing evidence to support the parties' stipulation in this regard.

16. Third Factor: Actual or Potential Injury. Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."

17. Respondent conditionally admits that Client and the judicial system were harmed as a result of Respondent's failure to provide competent, diligent representation and Respondent's acts of dishonesty as set forth above. The Review Panel finds that there is clear and convincing evidence to support the parties' stipulation in this regard

18. Fourth Factor: Aggravating and Mitigating Factors. ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

6

9.1  *Generally*

After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2  *Aggravation*

    9.21  *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

    9.22  *Factors which may be considered in aggravation.* Aggravating factors include:

        (a) prior disciplinary offenses;

        (b) dishonest or selfish motive;

        (c) a pattern of misconduct;

        (d) multiple offenses;

        (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

        (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

        (g) refusal to acknowledge wrongful nature of conduct;

        (h) vulnerability of the victim;

        (i) substantial experience in the practice of law;

        (j) indifference in making restitution; and

        (k) illegal conduct, including that involving the use of controlled substances.

9.3  *Mitigation.*

    9.31  *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

    9.32  *Factors which may be considered in mitigation.* Mitigating factors include:

        (a) absence of a prior disciplinary record;

        (b) absence of a dishonest or selfish motive;

        (c) personal or emotional problems;

        (d) timely good faith effort to make restitution or to rectify consequences of misconduct;

        (e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;

        (f) inexperience in the practice of law;

        (g) character or reputation;

        (h) physical disability;

        (i) mental disability or chemical dependency including alcoholism or drug abuse when:

            (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

            (2) the chemical dependency or mental disability caused the misconduct;

(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

9.4 *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction; and

(f) failure of injured client to complain.

In Respondent's case, the parties agree that aggravating factors include: (1) a dishonest motive; (2) substantial experience in the practice of law; and (3) vulnerability of the victim. Mitigating factors include (1) absence of a prior disciplinary record; (2) full and free disclosure to the Office of Bar Counsel; (3) imposition of other penalties and sanctions (i.e., Respondent's loss of employment with WCLC); and (4) remorse. The Review Panel finds that there is clear and convincing evidence to support the parties' stipulation in this regard

18.     Respondent conditionally admits that, in consideration of the foregoing factors, a suspension is the appropriate sanction for the conduct to which Respondent has conditionally admitted. Respondent agrees to a suspension of six months. The Review Panel finds that there is clear and convincing evidence to support the parties' stipulation in this regard.

19.     If the Court accepts the Review Panel's recommendation and orders a suspension in accordance herewith, the parties have agreed to the following press release:

The Wyoming Supreme Court issued an order suspending Laramie attorney Katherine C. Osten from the practice of law for a period of six months commencing _____. The order of suspension stemmed from Osten's

8

professional misconduct in failing to diligently pursue a client's divorce case and misleading the client and Osten's supervising attorney as to the status of the case, including failing to inform them that the case was dismissed due to inaction by Osten. Osten agreed to the suspension, which was recommended to the Supreme Court by the Board of Professional Responsibility of the Wyoming State Bar. Osten was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

## RECOMMENDATION

In consideration of the foregoing findings and conclusions, the Review Panel recommends as follows:

1.      That Respondent be suspended for a period of six months for violations of Rules Rule 1.3 (diligence), Rule 1.4 (communication with client), and Rule 8.4(c) (misleading statements), W.R.Prof.Cond.

2.      That, upon issuance of the order of suspension, the foregoing press release may be issued.

3.      That Respondent be required to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar within 10 days of such order.

Dated this _12_ day of October 2022.

Debra A. Wendtland, Chair
Review Panel of the Board of Professional Responsibility
Wyoming State Bar

9